UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05-CV-P131-H

CHARLES SAMUEL BRADY                                                                       PLAINTIFF

v.

JEFF HELM, et al.                                                                               DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Charles Samuel Brady, *pro se*, seeks damages under 42 U.S.C. § 1983 from four government defendants, in their individual and official capacities, for alleged injuries sustained from a jail guard's use of force. This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. The Court will dismiss the complaint for failure to state a claim on which relief may be granted.

**I.**

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003). Although the court holds *pro se* pleadings to a less stringent standard than formal

pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.

At the time of the incident which forms the basis of this complaint, Plaintiff was a convicted prisoner detained in the Marion County Detention Center. Plaintiff alleges that in January 2004, he was "horse playing" and a corrections officer, Jeff Helm, kicked him in the leg (right or left not specified) and hit him in the arms with a metal wand. Plaintiff alleges he sustained injuries, specifically knots on his arms and a fractured left tibia, but he apparently received medical attention only after he complained about his left knee to a Captain Gribbons ten months later, in November 2004.

Plaintiff's allegations mention four physicians, not named and on dates not specified in the complaint, if not in a controversy over the interpretation of his x-rays, then for reasons that are not apparent. Plaintiff believes the-unspecified-powers-that-be were trying to cover up his left leg injury by sending x-rays of the right leg taken "a long time ago" to the presentation with

the fourth physician. The complaint contains no further information concerning the extent of his injuries or the prevailing diagnosis and treatment he received. Plaintiff provides no information about the "horse playing," specifically whether one or more other prisoners were engaged with Plaintiff's horseplay.

In addition to Officer Jeff Helm, Plaintiff names as Defendants: Barry Brady, Jailer, Marion County Detention Center; Roy Graves, Inspector, Kentucky Department of Corrections; and John Rees, Commissioner, Kentucky Department of Corrections. Each Defendant is listed in his individual and official capacities.

Plaintiff requests $1.48 million dollars in compensatory damages, five million in punitive damages, and all future medical expenses.

### III.

Section 1983 provides civil remedies to individuals who suffer injury because their federal rights were violated by a person acting "under color of [state] law." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). An essential element of a § 1983 claim is the deprivation of a federal statutory or constitutional right. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

**A. Defendant Jeff Helm:**

An inmate's right against the use of excessive force stems from the Eighth Amendment's prohibition of cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (repeating the settled rule that the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment.) "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to

maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* at 6 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 and *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir. 1973); *see also Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995) (stating that the motivation of an assault is relevant to whether the measure taken inflicted unnecessary and wanton pain.); *Combs v. Wilkinson*, 315 F.3d 548 (6th Cir. 2002).

Here, the allegations in the complaint admit the force occurred while Plaintiff was "horse playing." Plaintiff no where alleges Officer Helm acted absent provocation, maliciously, or for that matter excessively. In point of fact, Plaintiff states Officer Helm applied force during Plaintiff's horseplay – a colloquialism for rough, physical sparring – in other words, to restore order or to maintain discipline.

Plaintiff implies that because his injury, a fractured tibia, is arguably serious (notwithstanding the lack of immediate medical attention), a constitutional damages claim necessarily follows. Not every "malevolent touch by a prison guard," however, "gives rise to a federal cause of action." *Id.* at 9. If the excessive force alleged may be characterized as physical force not of a sort repugnant to the conscience of mankind, that force by definition is excluded from constitutional recognition. *Id.* The Court must afford substantial deference to guards in the day to day effort of maintaining discipline and order. *See Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002).

Viewing the complaint in the light most favorable to Plaintiff, the allegations provide no reasonable inference that the use of force was unnecessary, wanton, or applied sadistically or maliciously for the very purpose of causing harm. Rather, the allegations support a reasonable inference that the use of force occurred to restore order. Because there is no reliable inference of

wantonness, an essential element of an Eighth Amendment claim, there is no basis for an individual-capacity claim against Defendant Helm. Absent sufficient allegations of an individual violation of federal right, moreover, there is no basis for asserting an official-capacity claim. *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 546-47 (6th Cir. 2003).

Therefore, the Court will dismiss the claims against Defendant Helm, pursuant to § 1915A(b), for failure to state a claim on which relief may be granted.

### B.  Remaining Defendants:

The complaint contains no allegations of fact that address the remaining Defendants.

The Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim. *Sweikiewicz v. Sorema*, 534 U.S. 506, 514 (2002). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996).

To state a claim for relief under § 1983, the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). "It is not enough for a complaint ... to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). This means the plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal

5

conclusions.  *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Again, the complaint contains no allegations of fact specific to the jailer or the two officials of the Kentucky Department of Corrections.  Their names are simply listed as Defendants.  Because the complaint is entirely vague on the basis of the claim against these Defendants, the Court will dismiss these claims for failure to state a claim on which relief may be granted.

The Court will enter an order consistent with this Memorandum Opinion.

Dated:

cc:       Plaintiff, *pro se*

4412.007